UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 13-20814-Civ-COOKE

ROBERTO ARIAS,

    Petitioner,

v.

STATE OF FLORIDA,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION**

    THIS MATTER is before me on Petitioner Roberto Arias' Motion for Reconsideration (ECF No. 32). For the reasons that follow, the Motion for Reconsideration is denied.

## I.   BACKGROUND

    Pro se Petitioner filed his petition for a writ of habeas corpus on March 4, 2013. Petitioner was convicted in state court for aggravated assault with a deadly weapon, aggravated battery, and tampering with a witness. (ECF Nos. 1, 9, 10). In his petition, Petitioner avers that, in response to a post-conviction motion he filed, the state trial court should have ordered DNA testing of the knife used in the crime for which he was convicted. Petitioner seeks production and DNA testing of the knife "in order to correct an incongruous and manifest unjust state court action." (ECF No. 1 at 29 of 39).

    On April 17, 2013, Magistrate Judge Patrick A. White entered an Order to Show Cause requiring Respondent to file a memorandum of fact and law to show cause why the petition should not be granted. On May 21, 2013, Respondent filed a Response to Order to Show Cause. (ECF No. 18). On June 10, 2013, Petitioner filed a Motion to Supplement Habeas Corpus Petition and Objection to State's Response. (ECF No. 20).

On October 28, 2013, Judge White issued his report and recommendation. (ECF No. 24). Judge White recommended that the petition for writ of habeas corpus be dismissed because Petitioner's claim had to be brought under 42 U.S.C. § 1983, not 28 U.S.C. § 2254, and further noted that, even if Petitioner had brought a § 1983 claim, such a claim would fail because Petitioner had no meritorious claim that he was denied procedural due process, given that the State court considered the Petitioner's request for DNA testing under Florida's procedure for such requests. (*Id.*). On November 18, 2013, Petitioner objected to Judge White's report and recommendation. (ECF No. 27).

On August 12, 2014, I adopted Judge White's report and recommendation (ECF No. 30). Petitioner's Motion for Reconsideration followed on September 15, 2014. (ECF No. 32). In the Motion for Reconsideration, Petitioner essentially argues that this Court was incorrect in finding that 42 U.S.C. § 1983, not 28 U.S.C. § 2254, was the proper vehicle for bringing the claims raised in the petition.

## II.   DISCUSSION

Federal Rule of Civil Procedure 59(e) permits a motion to alter or amend a judgment. "The only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact. A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (internal quotations omitted).

Petitioner's Motion for Reconsideration fails to meet the standards for Rule 59. Petitioner argues that he properly chose the vehicle of 28 U.S.C. § 2254, rather than 42 U.S.C. § 1983, to litigate his claim. This same argument was made when Petitioner objected to Judge White's report and recommendation. (ECF No. 27). I find no manifest errors of law or fact were committed in the Order Adopting Magistrate's Report and Recommendation and Dismissing Complaint (ECF No. 30). *See* 28 U.S.C. § 2254(d)(1); *Sireci v. Secretary, Florida Dep't of Corrections*, No. 02-cv-1160-Orl-35KRS, 2009 WL 651140, *22 (M.D. Fla. March 12, 2009); *Skinner v. Switzer*, 562 U.S. 521, 525 (2011) (holding that a prisoner's suit to gain access to

DNA evidence, which may prove "exculpatory, inculpatory, or inconclusive" may be brought under 42 U.S.C. § 1983, and not 28 U.S.C. § 2254).

### III. CONCLUSION

For the foregoing reasons, Petitioner's Motion for Reconsideration (ECF No. 32) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of September 2015.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*